Austin W. Anderson, austin@a2xlaw.com
(Application for Admission *Pro Hac Vice* anticipated)
Clif Alexander, clif@a2xlaw.com
(Application for Admission *Pro Hac Vice* anticipated)
**ANDERSON ALEXANDER, PLLC**
Attorneys For Plaintiffs
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone (361) 452-1279

Jesse S. Brar (9469)
**PRESTON BRAR, LLC**
670 East 3900 South, Suite 10
Salt Lake City, Utah 84107
Tel: (801) 269-9541
Fax: (801) 577-1988
jesse@prestonbrar.com

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **DALLEN GARNER** and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **ASPIRO ADVENTURE, LLC,** <br><br> Defendant. | **COMPLAINT** <br><br> **(PROPOSED FLSA COLLECTIVE ACTION TO 29 U.S.C §216(b)** <br><br> **(JURY DEMANDED)** |

Plaintiff Dallen Garner ("Garner") brings this action individually and on behalf of all current and former Field Guides (hereinafter "Plaintiff and the Putative Class Members") who worked for Aspiro Adventure, LLC, (hereinafter "Defendant" or "ASPIRO") and were paid a day rate but no overtime, at any time from November 15, 2018 through the final disposition of this matter, to recover

unpaid overtime, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §216(b).

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages, liquidated damages and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2. Plaintiff and Putative Class Members are those similarly situated persons who have worked for Aspiro Adventure, LLC, anywhere in the United States, at any time from November 15, 2018 through the final disposition of this matter, and were paid a day rate for each day (and all hours) worked, but did not receive overtime compensation in violation of federal law.

3. Specifically, ASPIRO has enforced a uniform company-wide policy wherein it improperly classified its Field Guides—Plaintiff and the Putative Class Members—as exempt from overtime.

4. Although Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5. The decision by ASPIRO not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6. ASPIRO knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA. Specifically, Plaintiff and the Putative Class Members did not (and currently do not) earn a salary thereby nullifying any "salary-based" exemption.

8. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff prays that all similarly situated Field Guides (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Garner was employed by ASPIRO in Utah during the relevant time period. Plaintiff Garner did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11. The FLSA Putative Class Members are those current and former Field Guides who were employed by ASPIRO, anywhere in the United States, at any time from November 15, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

12. Defendant Aspiro Adventure, LLC ("ASPIRO") is a limited liability corporation who is licensed to, and doing business, in the State of Utah and may be served with process through its registered agent for service of process: **Chris McRoberts, 63 E. 11400 S # 186, Sandy, Utah 84070.**

---

[1] The written consent of Dallen Garner is hereby filed as "Exhibit A."

## III.
## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

14. This Court has personal jurisdiction over ASPIRO because the cause of action arose within this District as a result of ASPIRO's conduct within this District and Division.

15. Venue is proper in the District of Utah, because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16. Specifically, ASPIRO's corporate headquarters are located in Sandy, Utah and Plaintiff Garner worked in Sandy, Utah throughout his employment with ASPIRO, all of which is located within this District and Division.

17. Venue is therefore proper in this Court pursuant to 28 U.S.C. §1391(b).

## IV.
## ADDITIONAL FACTS

18. ASPIRO provides wilderness therapy whereby Field Guides lead clients through the wilderness to build self-awareness and establish healthier behavioral patterns.[2]

19. To provide its year-round services, ASPIRO employs several Field Guides—Plaintiff and the Putative Class Members—who guide ASPIRO's clients through the wilderness.

20. ASPIRO paid its Field Guides a day rate only and no overtime—including Plaintiff and the Putative Class Members.

21. While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work.

22. Plaintiff Dallen Garner was employed by ASPIRO as a Wilderness Therapy Field Guide in Sandy, Utah from approximately May of 2020 to May of 2021.

---

[2] https://aspiroadventure.com/what-we-do/.

23. ASPIRO paid Plaintiff and the Putative Class Members a day rate for each day worked. That is Plaintiff and the Putative Class Members did not get paid if they did not work.

24. Plaintiff and the Putative Class Members typically worked in excess of seventy (70) hours nearly every (if not every) workweek in which they performed services for ASPIRO.

25. Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

26. Plaintiff and the Putative Class Members did not have the authority or discretion to vary or change their proscribed job duties and/or routes.

27. Plaintiff and the Putative Class Members did not have the authority to bind or represent the company financially.

28. Plaintiff and the Putative Class Members did not (and currently do not) have the authority to hire or fire other employees.

29. Plaintiff and the Putative Class Members were not (and currently are not) responsible for making decisions regarding salary, pay, or other administrative matters.

30. Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of ASPIRO and/or its customers.

31. Rather, Plaintiff and the Putative Class Members were blue-collar field guides.

32. Although it is well-known that blue-collar workers like Plaintiff and the Putative Class Members are not exempt from overtime, ASPIRO did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) hours in a workweek.

33. Plaintiff and the Putative Class Members' primary job duties included guiding clients through the wilderness and helping them learn to camp.

34. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

35. ASPIRO denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

36. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

37. ASPIRO applied this pay practice despite clear and controlling law that states that non-exempt employees—Plaintiff and the Putative Class Members—are entitled to overtime.

38. Accordingly, ASPIRO's pay policies and practices blatantly violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION
### (Collective Action Alleging FLSA Violations)

**A.   FLSA COVERAGE**

39. The FLSA Collective is defined as:

**ALL FIELD GUIDES WHO WERE PAID A DAY RATE BUT NO OVERTIME WHILE WORKING FOR ASPIRO ADVENTURE, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM NOVEMBER 15, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

40. At all times hereinafter mentioned, ASPIRO has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

41. At all times hereinafter mentioned, ASPIRO has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

42. At all times hereinafter mentioned, ASPIRO has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had two or more employees engaged in

commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

43. ASPIRO employed (and continues to employ) at least two or more workers—Plaintiff and the Putative Class Members—to provide goods and services through interstate commerce for the purposes of the FLSA.

44. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

45. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of ASPIRO who assisted ASPIRO's customers who live throughout the United States. 29 U.S.C. § 203(j).

46. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

47. In violating the FLSA, ASPIRO acted willfully and without a good faith basis and with reckless disregard of applicable federal law.

48. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 39.

49. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of ASPIRO.

### B.    FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

50. ASPIRO violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

51. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of ASPIRO's acts or omissions as described herein; though ASPIRO is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

52. Moreover, ASPIRO knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

53. ASPIRO knew or should have known its pay practices were in violation of the FLSA.

54. ASPIRO is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

55. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted ASPIRO to pay them in accordance with the law.

56. The decision and practice by ASPIRO to not pay for all hours worked or the proper amount of overtime for all hours worked over forty (40) was neither reasonable nor in good faith.

57. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant

to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C.     FLSA COLLECTIVE ACTION ALLEGATIONS

58. All previous paragraphs are incorporated as though fully set forth herein.

59. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of ASPIRO employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

60. Other similarly situated employees of ASPIRO have been victimized by ASPIRO's patterns, practices, and policies, which are in willful violation of the FLSA.

61. The FLSA Collective is defined in Paragraph 39.

62. ASPIRO's failure to pay for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of ASPIRO, and does not depend on the personal circumstances of the Plaintiff or the FLSA Collective Members.

63. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

64. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

65. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

66. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

67. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and ASPIRO will retain the proceeds of its rampant violations.

68. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

69. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 39 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

70. Plaintiff respectfully prays for judgment against ASPIRO as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 39 and requiring ASPIRO to provide names, addresses, e-mail addresses, telephone number, and social security numbers of all putative Collective Action Members.

   b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c. For an Order pursuant to section 16(b) of the FLSA finding ASPIRO liable for unpaid wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in the amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

   d. For an Order awarding the costs and expenses of this action;

   e. For an Order awarding attorneys' fees;

   f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

   g. For an Order awarding Plaintiff Garner a service award as permitted by law;

      h.      For an Order compelling the accounting of the books and records of ASPIRO, at ASPIRO's expenses; and

      i.      For an Order Granting such other and further relief as may be necessary and appropriate.

Date:   November 15, 2021        Respectfully submitted,

By:    /s/ **Jesse S. Brar**
Jesse S. Brar
**PRESTON BRAR, LLC**
*Attorney for Plaintiff*

By:    */s/ Clif Alexander*
Clif Alexander
Austin W. Anderson
**ANDERSON ALEXANDER, PLLC**
*Attorneys for Plaintiff*
(*Pro Hac Vice Admissions Pending*)