Austin W. Anderson, austin@a2xlaw.com
(Admitted *Pro Hac Vice*)
Clif Alexander, clif@a2xlaw.com
(Admitted *Pro Hac Vice*)
**ANDERSON ALEXANDER, PLLC**
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone (361) 452-1279

Jesse S. Brar (9469)
**PRESTON BRAR, LLC**
670 East 3900 South, Suite 10
Salt Lake City, Utah 84107
Tel: (801) 269-9541
Fax: (801) 577-1988
jesse@prestonbrar.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **DALLEN GARNER,**<br><br>*Plaintiff,*<br><br>**vs.**<br><br>**ASPIRO ADVENTURE, LLC,**<br><br>*Defendant.* | Civil No. 2:21-cv-00674-DAK-DBP<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF FLSA SETTLEMENT**<br><br>Judge: Dale A. Kimball<br>Magistrate Judge: Dustin B. Pead |

**TO THE HONORABLE JUDGE DALE A. KIMBALL:**

Plaintiff Dallen Garner submits this Unopposed Motion for Approval of the Settlement of Plaintiff's claims brought against Defendant Aspiro Adventure, LLC ("Aspiro" or "Defendant") under the Fair Labor Standards Act, 29 U.S.C. §§ 201–19 ("FLSA"). The Settlement Agreement and Release ("Agreement"), attached as Exhibit 1, represents a fair and reasonable resolution of Plaintiff's and Defendant's (collectively, the "Parties") *bona fide* dispute over the FLSA claims and meets the standards for judicial approval. The Court should approve the Settlement Agreement in full.

# I.
# PROCEDURAL HISTORY

On November 15, 2021, Dallen Garner filed his collective/class action lawsuit in the United States District Court for the District of Utah, styled *Dallen Garner v. Aspiro Adventure, LLC*, No. 2:21-cv-00674-DAK-DBP (D. Utah). *See* ECF No. 2. On January 31, 2022, Defendant filed its Original Answer, denied Plaintiff's allegations and asserted numerous defenses to Plaintiff's claims. *See* ECF No. 10. Shortly thereafter, Defendant moved to compel arbitration. *See* ECF No. 16. The Parties subsequently stipulated to staying this matter in favor of arbitration, and this Court entered an order to that effect. *See* ECF Nos. 17–18.

After agreeing to arbitration, the Parties determined that the interests of their respective clients would be best served by attempting to resolve this matter prior to initiating formal arbitration. The Parties engaged in extensive settlement negotiations, both telephonically and via email, and reached an agreement to resolve this matter. The full terms of the Agreement are memorialized in Exhibit 1. Plaintiff now asks this Court to approve the Agreement as a fair and reasonable resolution of a *bona fide* dispute and dismiss this action with prejudice.

# II.
# SUMMARY OF THE SETTLEMENT AGREEMENT

## A.   THE TOTAL SETTLEMENT AMOUNT

The Parties agreed to settle Plaintiff's claims for eighteen thousand dollars ($18,000.00). This amount is the Total Settlement Amount and includes the settlement payments to Plaintiff and Plaintiff's Counsel's attorneys' fees and out-of-pocket costs and litigation expenses. *See* Ex. 1, ¶ 1(o). Other than the payment of Defendant's share of the payroll taxes, Defendant shall not make any payment beyond the Total Settlement Amount.

**B.     THE SETTLEMENT ALLOCATION**

Of the Total Settlement Amount, Plaintiff Garner will receive nine thousand dollars ($9,000.00), equally divided between wage and non-wage income. *See id.* at ¶ 6. This amount will be paid to Plaintiff Garner in full and complete satisfaction for all his claims made in this action.  The remaining nine thousand dollars ($9,000.00) will be paid to Plaintiff's Counsel in full and complete satisfaction for all claims for attorneys' fees and costs and expenses of any kind associated with this Action. *Id.*

**C.     RELEASE OF CLAIMS AGAINST DEFENDANT**

The Agreement defines the claims to be released by Plaintiff as follows:

> **11.     Plaintiff's Release**:  The Plaintiff fully releases and discharges Defendant and Releasees from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action of whatever kind or nature, whether known or unknown, expressly limited to wage and hour claims under the federal Fair Labor Standards Act, or any other state, local or federal law, including, but not limited to, claims for alleged unpaid regular, minimum or overtime wages, alleged off-the-clock work, payment for all hours worked, miscalculation of wages, unreimbursed business expenses, or retaliation for complaining about wages or for asserting wage-related claims, and any damages, liquidated damages, penalties, interest, fees or costs derivative from those wage and hour claims available under any federal, state, or local law, that were or could have been alleged in the Action or that reasonably arise out of the acts alleged in the Action.  This release includes all claims for unpaid wages as alleged in the Complaint filed in this Action, including but not limited to claims for alleged off-the-clock work and claims for alleged failure to pay minimum wage or overtime, under any federal, state or local minimum wage statutes or laws, wage payment and collection statutes or laws, wage theft statutes or laws, overtime statutes or laws, federal, state or local common law and equitable claims, and pursuant to wage contract claims. Plaintiff does not by this release waive any claim related to workers' compensation, unemployment compensation or discrimination law, or any other claims that cannot be released by law.

*Id.* at ¶ 11.

## III.
## ARGUMENT & AUTHORITIES

**A.     THE LEGAL STANDARD FOR APPROVAL OF FLSA SETTLEMENTS**

Under the FLSA, non-exempt employees must be paid overtime for all hours worked over forty (40) in a workweek. 29 U.S.C. § 207. It is unclear in the Tenth Circuit whether court approval is

necessary for FLSA settlements. *See Saari v. Subzero Eng'g*, No. 2:20-CV-00849-CMR, 2021 WL 4245300, at *3 (D. Utah Sept. 17, 2021). "[T]he FLSA itself does not require court approval for all FLSA settlements." *Hawthorn v. Fiesta Flooring, LLC*, No. 1:19-cv-00019 WJ/SCY, 2020 WL 3085921, at *1 (D.N.M. June 10, 2020). "Moreover, 'there are no discussions in any Supreme Court interpretations of the FLSA on whether a settlement or dismissal of an action to vindicate FLSA rights under 29 U.S.C. § 216(b) is conditioned on court approval[,] . . . and the Tenth Circuit Court of Appeals has not yet settled this issue.'" *Saari*, 2021 WL 4245300, at *3.

"Since then, however, circuit courts and district courts in the Tenth Circuit have split 'on the issue of whether private settlements of bona fide disputes between employers and employees are valid under the FLSA without court or Department of Labor (DOL) approval,' and the majority of district courts 'have held that such approval is not necessary.'" *Id. See also Lawson v. Procare CRS, Inc.*, No. 18-cv-00248-TCK-JFJ, 2019 WL 112781 (N.D. Okla. Jan. 4, 2019) (collecting cases); *Acevedo v. Sw. Airlines Co.*, No. 1:16-cv-00024-MV-LF, 2019 WL 6712298, at *7 (D.N.M. Dec. 10, 2019) (same)). Based on that sound reasoning, Judge Cecelia M. Romero recently held as follows on the issue of approval of FLSA settlement agreements:

> In light of the split authority on this issue, the court declines Saari's invitation to rely on the decisions of other circuits and instead relies on persuasive authority from recent district court decisions in this circuit holding that "absent exceptional circumstances, the court need not review and provide approval for FLSA settlements." *Hawthorn*, 2020 WL 3085921, at *2 (citing *Fails v. Pathway Leasing LLC*, No. 18-cv-00308-CMA-NYW, 2018 WL 6056428, at *3 (D. Colo. Nov. 19, 2019)).

*Saari*, 2021 WL 4245300, at *4.

However, out of an abundance of caution, Plaintiff asks this Court to approve the Parties' Agreement and enter a finding that it represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *See Keel v. O'Reilly Auto Enterprises, LLC,* No. 2:17-CV-667, 2018 WL 10509413, at *2 (D. Utah May 31, 2018). Or, alternatively, to determine that court approval is not necessary for the Parties' Agreement before it. *See Saari*, 2021 WL 4245300, at *4.

## B.    THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENT

### 1.    The Settlement Resolves a *Bona Fide* Dispute.

"Parties requesting approval of an FLSA settlement must provide the court with sufficient information to determine whether a bona fide dispute exists." *Morton*, 2017 WL 977812, at *1 (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1234 (M.D. Fla. 2010)). The Parties may satisfy this burden by presenting evidence showing: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the Parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Id.*

Defendant provides wilderness therapy whereby its Wilderness Therapy Field Guides—including Plaintiff Garner—lead clients through the wilderness to build self-awareness and establish healthier behavioral patterns. Plaintiff would work as a Wilderness Therapy Field Guide for multiple days (and weeks) at a time, and alleges that he was paid a straight day rate for his services. Despite claiming that he worked more than forty (40) hours a week, Plaintiff alleges that he was not paid any overtime compensation. Plaintiff maintains he was a non-exempt employee entitled to overtime compensation—Defendant disagrees and maintains that Plaintiff was at all times paid according to the FLSA and Utah state law, including being paid all minimum wage and overtime pay for hours worked. In addition, there is a dispute about the number of hours a day Plaintiff worked while performing his Wilderness Therapy Field Guide services for Defendant and its clients. Because the Parties contest liability and the appropriate amount of overtime owed, if any, there is a *bona fide* dispute. The Parties acknowledge that their claims and defenses pose risks, which informed, in part, their decision to resolve the *bona fide* disputes between them through settlement.

## 2.    The Terms of the Settlement are Fair and Reasonable.

"To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employee and must not frustrate the FLSA policy rationales." *Solis v. Top Brass, Inc.*, No. 14-CV-00219-KMT, 2014 WL 4357486, at *3 (D. Colo. Sept. 3, 2014). Courts assessing an FLSA settlement for fairness and reasonableness often examine the following Rule 23 factors: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Keel*, 2018 WL 10509413, at *3; *McKeon v. Integrity Pizza LLC*, No. 18-CV-932-WJM-KLM, 2020 WL 6782238, at *2 (D. Colo. Nov. 18, 2020) (citing *Gottlieb v. Wiles*, 11 F.3d 1004, 1014 (10th Cir. 1993), *abrogated on other grounds by Delvin v. Scardelletti*, 536 U.S. 1 (2002)); *Hoffman v. Poulsen Pizza LLC*, No. 15-2640-DDC-KGG, 2017 WL 25386, at *4 (D. Kan. Jan. 3, 2017) (citing *Barbosa v. Nat'l Beef Packing Co.*, 2014 WL 5099423, at *7 (D. Kan. Oct. 10, 2014)). "If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages that are actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation." *Hoffman*, 2017 WL 25386, at *4.

### a.    The Agreement Was Fairly and Honestly Negotiated.

First, the settlement was fairly and honestly negotiated by counsel highly experienced with FLSA collective actions. Prior to their good faith, arms-length settlement negotiations, the Parties exchanged substantial data pertaining to the claims at issue, including all relevant policies and procedures maintained by Defendant. Plaintiff provided detailed information pertaining to his regular schedule and hours worked, and based on that information Plaintiff's Counsel was able to create a detailed damage model identifying the amount Plaintiff maintained he was owed. *Id.* During settlement

discussions, the Parties evaluated the strengths and weaknesses of their respective claims and defenses and exchanged multiple demands and counter-offers before agreeing to the terms before this Court. These negotiations between experienced wage and hour counsel, demonstrate the Agreement was fairly and honestly negotiated.

b. *The Ultimate Outcome of the Litigation Was (and Is) Unknown.*

Second, questions of law and fact exist as to whether Defendant is liable to Plaintiff and, if so, in what amount(s). The Parties dispute the number of hours the Plaintiff worked in any given week, whether Plaintiff was properly paid under the FLSA, whether Defendant acted in good faith and thus whether liquidated damages are appropriate, and whether Defendant acted willfully (which would affect whether Plaintiff may recover under a two-year or three-year statute of limitations). Additionally, Defendant has challenged whether portions of the complained of time was even compensable—at all. The proposed settlement allows the Parties to resolve these matters instead of litigating these uncertain legal and factual issues.

c. *The Value of the Settlement to Plaintiff Is Significant.*

Third, the immediate recovery offered by the proposed Agreement is even more valuable considering the legal and factual uncertainties related to the alleged liability and damages. If the Parties continue to litigate the matter instead of settling, the next steps will require the Parties to engage in additional lengthy and costly arbitration proceeds including discovery, disputes and dispositive motion practice. Instead of undertaking this course of protracted litigation, which may result in no recovery at all, the proposed settlement guarantees that Plaintiff will receive a substantial recovery, now.

Although Plaintiff is not receiving 200% of his "best day" damages, as is invariably the case in a settlement of hotly disputed cases, he is entitled to recover significant relief under the Agreement. However, even "[s]ettling for a small portion of the claimed unpaid wages without accounting for the liquidated damages" is not cause for concern when "the presence of some . . . lawful defense to

payment (if any) . . . warrant[s] a reasonable compromise." *Cazeau*, 2021 WL 1688540, at *5. Here, if Defendant were successful on its defenses, Plaintiff would recover nothing. Thus, because Defendant has defenses that call into question Plaintiff's ability to succeed on his claims, the overall settlement amount is justified. *Cazeau*, 2021 WL 1688540, at *5 (recognizing that "as both sides were represented by counsel and the case settled with the assistance of a mediator, [the court] accept[s] the [p]arties' representation that, to the extent there was a compromise, the amounts reached represent a fair and equitable one[ ]" (internal quotation marks and citation omitted)).

       *d.*       *The Parties Agree the Settlement Is Fair and Reasonable.*

Fourth, the Parties agree that the settlement is fair and reasonable. Plaintiff and Defendant have signed the Agreement. Both Plaintiff and Defendant agree that the Agreement constitutes the fair and reasonable resolution of a *bona fide* dispute. Moreover, Plaintiff's Counsel agrees that the Agreement fairly and reasonably resolves Plaintiff's wage and hour claims, as reflected by their signature on this Motion.

       *e.*       *The Attorneys' Fees Under the Agreement Are Reasonable.*

Fifth, as discussed in greater detail *infra*, Plaintiff's Counsel's fee award is fair and reasonable. *See, e.g.*, *Logan v. United American Security, LLC*, No. 21-cv-00257-NYW, 2022 WL 2966857, at *4 (D. Colo. July 27, 2022); *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019). The FLSA provides that the Court "shall … allow [plaintiff] a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see Garcia v. Tyson Foods, Inc.*, 770 F.3d 1300, 1308 (10th Cir. 2014); *Tabb v. Mentor Prot. Serv. LLC*, No. CIV-17-1139-D, 2018 WL 5269828, at *1 (W.D. Okla. Oct. 23, 2018).

Although an award of attorneys' fees under the FLSA is **mandatory**, district courts generally only examine (at most) whether the fee award in an FLSA settlement agreement is reasonable. *See Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 415 n.5 (1978)

(recognizing that an award of fees and costs is "mandatory for prevailing plaintiffs" in FLSA actions); *Olivo*, 526 Fed. Appx. at 854 ("As prevailing parties on this claim, plaintiffs were entitled to an award of attorney's fees under 29 U.S.C. § 216(b)"); *Weiser v. Pathway Servs. Inc.*, No. 17-CV-673-GKF-FHM, 2019 WL 6723563, at *1 (N.D. Okla. Aug. 26, 2019) (same); *Ali v. Jerusalem Restaurant, Inc.*, No. 14-CV-00933-MEH, 2015 WL 1345326, at *5 (D. Colo. Mar. 23, 2015) (same). An award is reasonable if it is "adequately compensatory to attract competent counsel yet which avoids a windfall for lawyers." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The "process of reviewing and approving stipulated attorneys' fees in the event of a settlement [of FLSA claims] is more deferential than resolving attorneys' fees in a disputed case." *Melgar v. OK Foods*, 902 F.3d 775, 779-80 (8th Cir. 2018). In particular, "where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees." *Id.* at 779. To the contrary, the review of FLSA settlements "requires . . . deference . . . to the parties' agreement." *Id.*

Here, Plaintiff's Counsel seeks $9,000.00 in fees and reasonably incurred litigation costs and expenses for the work performed on Plaintiff's behalf leading to the resolution of this matter. After deducting necessarily incurred litigation costs and expenses of $2,519.48, the remaining $6,480.52 amount will provide compensation for fewer than fifteen hours of attorney time. Here, Plaintiff's counsel has conservatively invested more than thirty (30) hours of time into the litigation of this matter, and Plaintiff's lodestar is $14,750.00. This amount is reasonable in consideration of the significant legal work performed in the preceding year and a half this case has been on file. *See* Declaration of Clif Alexander, attached as Exhibit 2.

## IV.
## CONCLUSION

For all the reasons set forth herein, the Parties respectfully request the Court approve the Parties' Settlement Agreement and Release (Ex. 1) in full.

Date:   May 19, 2023,                     Respectfully submitted,

                              By:   _/s/ Clif Alexander_____
                                    Clif Alexander
                                    Austin W. Anderson
                                    **ANDERSON ALEXANDER, PLLC**
                                    (Admitted *Pro Hac Vice*)

                                    Jesse S. Brar  (9469)
                                    **PRESTON BRAR, LLC**

                                    ***Attorneys for Plaintiff***


## CERTIFICATE OF COUNSEL

I hereby certify that I have conferred with Defendant's counsel of record and Defendant is not opposed to the filing of this Motion or the relief requested herein.

                                    _/s/ Clif Alexander_____
                                    Clif Alexander


## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2023, I caused a true and correct copy of the foregoing document to be served on all counsel of record via the Court's CM/ECF system.

                                    _/s/ Clif Alexander_____
                                    Clif Alexander